UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DEBRA E. WYLIE,

                         Plaintiff,

  -against-                                             3:04-CV-1191
                                                                       (LEK/RFT)

MICHAEL J. ASTRUE[1],
Commissioner of Social Security,

                        Defendant.

## MEMORANDUM-DECISION AND ORDER[2]

Plaintiff Debra E. Wylie ("Wylie") seeks to appeal the final decision of the Commissioner of Social Security denying her claim for disability insurance benefits. Currently before the Court is the Commissioner's Motion to dismiss (Dkt. No. 3).

Defendant argues that Plaintiff's Complaint must be dismissed because it was filed more that sixty days after the final decision of the Commissioner was received by Plaintiff. Deft's Motion (Dkt. No. 3).

The Social Security Act provides for judicial review of final decisions of the Commissioner "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow." 42 U.S.C. § 405 (g)[3]. It is undisputed that the final action of the

---

[1] The original Defendant was Jo Anne B. Barnhart. However, as Mr. Astrue has replaced Ms. Barnhart as Commissioner, he is substituted as Defendant.

[2] For printed publication by the Federal Reporters.

[3] Regulations interpret the sixty day period to begin at the date of receipt by the claimant. 20 C.F.R. § 422.210(c). If no date of receipt is shown, the date of receipt is presumed to be five days after the date of such notice. Id. and 20 C.F.R. § 404.901.

Commissioner, the decision of the Appeals council to deny Plaintiff's request for review, was dated June 24, 2004.  Plaintiff's Summons and Complaint was filed in this Court on October 15, 2004, one hundred and nine days after notice was received[4].  Dkt. No. 1.  The Commissioner has not allowed for additional time to file in this case.

Plaintiff argues that the statute of limitations should be equitably tolled in this case to comply with the remedial and protective purposes of the Social Security Act.  Pl.'s Response (Dkt. No. 5).  The Court of Appeals for the Second Circuit has allowed equitable tolling for social security appeals in circumstances where "the equities in favor of tolling are so great that deference to the agency's judgment is inappropriate."  State of New York v. Sullivan, 906 F.2d 910, 917 (2d Cir. 1990).  See also Torres v. Barnhart, 417 F.3d 276, 279 (2d Cir. 2005) ("equitable tolling requires a showing of both extraordinary circumstances and due diligence.")  These circumstances include a situation in which "the government has hindered a claimant's attempts to exercise her rights by acting in a misleading or clandestine way," Wong v. Bowen, 854 F.2d 630 (2d Cir. 1988), or when a disability claimant's mental impairment prevented her from filing in a timely manner.  Canales v. Sullivan, 936 F.2d 755, 759 (2d Cir. 1991).  But see Torres, 417 F.3d at 283 (Jacobs, C. J., concurring) (describing Canales as "incompatible with what has been done or said in every other Second Circuit case" to the extent it allowed equitable tolling "absent agency misconduct or a procedural or structural malfunction.").

In the case before the Court, Plaintiff argues that equitable tolling is appropriate because the copy of the notice received by Plaintiff's attorney was of poor quality and the date was difficult to read.  Pl's Response (Dkt. No. 5) at 6.  Because of the limited legibility of the notice date, Plaintiff's

---

[4] See, *supra*, note. 3.

counsel "presumed it was still within the 60 day timeframe to file a complaint as the notice did not clearly convey that information." Id. at 7.  However, the limited legibility of a copy received by Plaintiff's counsel is not "agency misconduct or a procedural or structural malfunction."  There are no allegations that the copy received by Plaintiff was illegible, as opposed to the copy she furnished to her counsel, or that Plaintiff was somehow unable to determine when she received the notice.  Such conditions may go further towards justifying equitable tolling.  However, Plaintiff has failed to show the extraordinary circumstances and due diligence required to toll the statute of limitations for equitable reasons.  Accordingly, Plaintiff's Complaint is barred by the statute of limitations and must be dismissed.

Accordingly, it is hereby

**ORDERED**, that Defendant' Motion to dismiss (Dkt. No. 3) is **GRANTED**; and it is further

**ORDERED**, that the Complaint (Dkt. No.1) is **DISMISSED**.

**IT IS SO ORDERED**.

DATED:    March 26, 2008
              Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge